IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEVER DEVICES, LTD.,<br><br>                        Plaintiff,<br><br>v.<br><br>PRIORITY SYSTEMS SPECIALISTS, INC.<br>and KM ENTERPRISES, INC.,<br><br>                       Defendants. | Case No. 18-cv-5658 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Clever Devices, Ltd. ("Clever Devices"), by its undersigned counsel, for its Complaint for Declaratory Judgment against Defendants, Priority Systems Specialists, Inc. ("Priority Systems") and "KM Enterprises, Inc." ("KM Enterprises") (collectively, Priority Systems and KM Enterprises are referred to herebelow as "Defendants"), states as follows:

**STATEMENT OF THE CASE**

1.  This dispute concerns (i) Defendants' repeated attempts to assert rights against Clever Devices as alleged third-party beneficiaries of a "Non-Disclosure Agreement" into which Clever Devices entered on June 13, 2012 with third-party non-litigant STC, Inc. (the "STC Agreement") and (ii) Defendants' assertion of entitlement to millions of dollars in alleged damages they have suffered as a result of Clever Devices' alleged breach of the STC Agreement. A copy of the STC Agreement is attached as Exhibit A hereto.

2.  With this action, Clever Devices seeks declarations, pursuant to 28 U.S.C. § 2201, that (i) Defendant Priority Systems is not entitled to assert rights under the STC Agreement as a third-party beneficiary or otherwise; (ii) Defendant KM Enterprises is not entitled to assert rights under the STC Agreement as a third-party beneficiary or otherwise; (iii) Clever Devices has no

obligations to either Defendant pursuant to the STC Agreement; and (iv) Clever Devices has not breached the STC Agreement relative to either Defendant.

## THE PARTIES

3. Clever Devices is a corporation organized under the laws of the State of New York with its principal place of business in New York.

4. Priority Systems is a corporation organized under the laws of the State of Illinois with its principal place of business in Mt. Vernon, Illinois.

5. KM Enterprises is a corporation organized under the laws of the State of Illinois with its principal place of business in Belle Rive, Illinois.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action premised on diversity of citizenship including Defendants, who do business within this District, and because Clever Devices conducts business within this District, aspects of which business Clever Devices reasonably understands to be subject to Defendants' allegations of Clever Devices' breach of the STC Agreement.

## FACTS

8. Neither Defendant is a contracting party to the STC Agreement. (Ex. A.)

9. Further, the STC Agreement neither expressly nor implicitly confers third-party beneficiary rights on either Defendant. (Ex. A.) Indeed, the STC Agreement does not refer to either Defendant. (Ex. A.)

10. Further still, the STC Agreement expressly limits the rights and remedies conferred and obligations imposed by the Agreement to the contracting parties thereto – namely, Clever Devices and STC. (Ex. A.)

11. In this regard, first, paragraph 3 of the STC Agreement provides that "*[t]he parties agree to exchange Confidential Information with one another . . . .*" (Ex. A ¶ 3 (emphasis added).)

12. Second, paragraph 7 of the STC Agreement specifies that only "*either party*" (i.e., either Clever Devices or STC) may pursue remedies "[i]n the event of breach of paragraph 3[,]" which paragraph contains the "Confidentiality, Non-disclosure, and Non-use" provisions of the agreement. (Ex. A ¶¶ 3, 7 (emphasis added).)

13. Third, the STC Agreement defines "Disclosing Party" as "*a party to this agreement* disclosing Confidential Information and any company within its Control or within the Control of any company which Controls the party to this agreement, who is disclosing Confidential Information directly or indirectly." (Ex. A ¶ 2.3 (emphasis added).) In turn, paragraph 2.5 of the STC Agreement defines "Control" to mean "[i]n relation to a body corporate . . . *the power of any person or entity to secure by law or by corporate structure* that the affairs of that body corporate are conducted in accordance with the directions of that person or entity." (Ex. A ¶ 2.5 (emphasis added).)

14. And fourth, the STC Agreement defines "Receiving Party" as "*a party to this agreement* receiving Confidential Information." (Ex. A ¶ 2.4 (emphasis added).)

15. The STC Agreement "automatically terminate[d] three (3) years from its effective date" of May 31, 2012. (Ex. A ¶¶ 2.6, 5.) Thus, the STC Agreement terminated on May 31, 2015. (*Id.*)

16. Further, Clever Devices' and STC's respective obligations concerning any item of confidential information exchanged pursuant to the STC Agreement terminated three years from the date of initial disclosure of such item of confidential information. (Ex. A ¶ 3.4.) Thus, Clever Devices' and STC's respective obligations concerning *all* confidential information exchanged pursuant to the STC Agreement, if any, terminated, at the latest, on May 31, 2018 – three years after the May 31, 2015 "automatic termination" date of the STC Agreement pursuant to paragraph 5 thereof. (*Id.* ¶¶ 3.4, 5.)

17. Notwithstanding the foregoing, on March 8, March 29, and April 12, 2018, Defendants filed against Clever Devices in the Circuit Court for the Second Judicial Circuit, Jefferson County, Illinois, original, first amended, and second amended complaints, respectively (the case filed in Jefferson County, Illinois is referred to herebelow as the "State Court Action"; collectively, the original, first amended, and second amended complaints are referred to herebelow as the "State Court Complaints"). Copies of the State Court Complaints are attached as Exhibits B, C, and D hereto. The State Court Complaints allege, among other things, that Defendants are third-party beneficiaries with the right to enforce the STC Agreement against Clever Devices and that Clever Devices has breached the STC Agreement. (*See, e.g.,* Exs. B, C, and D, introductory paragraph (collectively identifying Defendants as "Emtrac"), *id.* ¶ 1 of each (identifying STC Agreement and making conclusory assertion that "Emtrac is a third-party beneficiary of that contract"); Exs. B, C ¶¶ 11-12, Ex. D ¶¶ 12-13 (identifying STC Agreement and making conclusory assertion that "Emtrac has a substantial legal and/or equitable interest in the enforcement of [the STC Agreement] and is therefore a third-party beneficiary of that contract"); Exs. B, C, and D, introductory paragraph (alleging "breach of contract against . . . Clever Devices,

Inc."); *id.* ¶ 1 of each (alleging "breach of the Agreements [including the STC Agreement] by Clever Devices").)

18. Also notwithstanding the foregoing as set forth in paragraphs 1 through 17 above, on June 18, 2018, Defendants filed in the State Court Action a motion for leave to amend their complaint for a third time, which motion Defendants styled as a "Motion for Leave to Amend Second Amended Complaint by Interlineation" ("Motion to Amend"). A copy of the Motion to Amend is attached as Exhibit E hereto. In the Motion to Amend, Defendants made further allegations concerning their alleged entitlement to third-party beneficiary status under the STC Agreement but did not cite to or quote from a single provision of the STC Agreement in support of such allegations. (Ex. E.)

19. On July 17, 2018, Defendants moved to voluntarily dismiss their second amended complaint in the State Court Action without prejudice. (Ex. F.)

20. On July 17, 2018, Clever Devices' undersigned counsel called and spoke with Defendants' counsel about Defendants' motion for voluntary dismissal in the State Court Action. Specifically, Clever Devices' counsel asked whether Defendants would be withdrawing their pending Motion to Amend so as to remove any pending dispute between the parties to the State Court Action if the state court were to grant Defendants' motion for voluntary dismissal.

21. In response to the inquiry by Clever Devices' counsel, Defendants' counsel advised that, no, Defendants would not be withdrawing their pending Motion to Amend.

22. On August 14, 2018, counsel for Clever Devices and Defendants appeared in state court for a hearing on Defendants' motion for voluntary dismissal (the "Dismissal Hearing"). The state court granted Defendants' motion for voluntary dismissal, mooted Defendants' previously-

pending Motion to Amend, and entered an order dismissing the State Court Action without prejudice. (Ex. G.)

23. At the Dismissal Hearing, the state court acknowledged Defendants' right, following their voluntary dismissal, to file a new, separate case against Clever Devices in the future based on the same alleged dispute between the parties.

24. Clever Devices denies that either Defendant may assert rights under the STC Agreement as a third-party beneficiary or otherwise.

25. Clever Devices denies that it has any obligations to either Defendant pursuant to the STC Agreement.

26. Clever Devices denies that it has breached the STC Agreement relative to either Defendant.

27. An actual and justiciable controversy exists between Clever Devices and Defendants as to Defendants' alleged rights, including alleged third-party beneficiary rights, under the STC Agreement.

28. Further, an actual and justiciable controversy exists between Clever Devices and Defendants as to Defendants' allegations that Clever Devices has obligations to Defendants pursuant to the STC Agreement.

29. Further still, an actual and justiciable controversy exists between Clever Devices and Defendants as to Defendants' allegations that Clever Devices has breached the STC Agreement.

30. Pursuant to the Federal Declaratory Judgment Act, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

31. The STC Agreement includes the following choice of law provision: "This Agreement shall be interpreted under the laws of the State of New York . . . ." (Ex. A ¶ 8.)

**COUNT I:**
**DECLARATORY JUDGMENT THAT DEFENDANT PRIORITY SYSTEMS**
**IS NOT ENTITLED TO ASSERT RIGHTS UNDER THE STC AGREEMENT**
**AS A THIRD-PARTY BENEFICIARY OR OTHERWISE**
**(New York Law)**

32. Clever Devices repeats and realleges paragraphs 1 through 31 of this Complaint as if set forth herein, and further states:

33. By its terms, the STC Agreement does not confer upon Defendant Priority Systems any rights to enforce the Agreement as a third-party beneficiary or otherwise.

WHEREFORE, Clever Devices prays that this Court enter the following relief:

    A. A declaration finding that Defendant Priority Systems is not entitled to assert any rights under the STC Agreement, as a third-party beneficiary or otherwise, relative to Clever Devices; and

    B. For all other just and equitable relief, including the costs of this action.

**COUNT II:**
**DECLARATORY JUDGMENT THAT DEFENDANT KM ENTERPRISES**
**IS NOT ENTITLED TO ASSERT RIGHTS UNDER THE STC AGREEMENT**
**AS A THIRD-PARTY BENEFICIARY OR OTHERWISE**
**(New York Law)**

34. Clever Devices repeats and realleges paragraphs 1 through 33 of this Complaint as if set forth herein, and further states:

35. By its terms, the STC Agreement does not confer upon Defendant KM Enterprises any rights to enforce the Agreement as a third-party beneficiary or otherwise.

WHEREFORE, Clever Devices prays that this Court enter the following relief:

      A.      A declaration finding that Defendant KM Enterprises is not entitled to assert any rights under the STC Agreement, as a third-party beneficiary or otherwise, relative to Clever Devices; and

      B.      For all other just and equitable relief, including the costs of this action.

**COUNT III:**
**DECLARATORY JUDGMENT THAT CLEVER DEVICES HAS NO OBLIGATIONS TO EITHER DEFENDANT PURSUANT TO THE STC AGREEMENT**
<u>**(New York Law)**</u>

36. Clever Devices repeats and realleges paragraphs 1 through 35 of this Complaint as if set forth herein, and further states:

37. By its terms, the STC Agreement does not impose upon Clever Devices any duties or obligations relative to either Defendant.

WHEREFORE, Clever Devices prays that this Court enter the following relief:

      A.      A declaration finding that Clever Devices has no obligations to either Defendant pursuant to the STC Agreement; and

      B.      For all other just and equitable relief, including the costs of this action.

**COUNT IV:**
**DECLARATORY JUDGMENT THAT CLEVER DEVICES HAS NOT BREACHED THE STC AGREEMENT RELATIVE TO EITHER DEFENDANT**
<u>**(New York Law)**</u>

38. Clever Devices repeats and realleges paragraphs 1 through 37 of this Complaint as if set forth herein, and further states:

39. Clever Devices has not breached the STC Agreement relative to either Defendant.

WHEREFORE, Clever Devices prays that this Court enter the following relief:

      C.      A declaration finding that Clever Devices has not breached the STC Agreement relative to either Defendant; and

40. For all other just and equitable relief, including the costs of this action.

                                               Respectfully submitted,

*/s/ Matthew G. McAndrews*
Matthew G. McAndrews
Kyle D. Wallenberg
Niro McAndrews, LLC
200 West Madison Street
Suite 2040
Chicago, Illinois 60606
Phone: (312) 755-8577
mmcandrews@niro-mcandrews.com
kwallenberg@niro-mcandrews.com